

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00003-CV

**PAULA CONTOIS AND LARRY CONTOIS,**

**Appellants**

**v.**

**D'ANN DEAN, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF TONY DEAN[1]**

**Appellees**

**From the 12th District Court
Madison County, Texas
Trial Court No. 16-14484**

## MEMORANDUM OPINION

Larry Contois and his daughter, Paula, (Contois) were in a pickup pulling a horse in its trailer on Highway 21. They struck a Brangus cow on the road, killing the cow, wrecking their pickup, and injuring themselves. D'Ann and the late Tony Dean (Dean)

---

[1] Tony Dean died on January 1, 2022. A motion to substitute D'Ann Dean as the Administrator of the Estate of Tony Dean for Tony Dean was filed and granted within the trial court's Modified Final Order signed on December 5, 2022. The Modified Final Order is the subject of this appeal; thus, the style of the appeal has been changed to reflect the appellees' status as designated by the Modified Final Order.

owned the cow. Contois sued Dean for negligence and negligence per se. Dean's no evidence motion for summary judgment was granted, and Contois was ordered to take nothing from Dean. Because the trial court did not err in granting Dean's no evidence motion for summary judgment, the trial court's modified final judgment is affirmed.

## SUMMARY JUDGMENT

In their sole issue on appeal, Contois contends the trial court erred in granting Dean's no evidence motion for summary judgment because it effectively held Contois to a higher standard of proof,[2] and the evidence raised a genuine issue of fact that the jury should have been allowed to determine.

A party may move for summary judgment, after adequate time for discovery "on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i); *Helena Chem. Co. v. Cox*, 664 S.W.3d 66, 72 (Tex. 2023). The trial court must grant such a "no-evidence" motion unless the non-moving party responds with "evidence raising a genuine issue of material fact." *Id.* Appellate courts review summary judgments de novo. *Helena Chem.*, 664 S.W.3d at 72-73; *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In so doing, we examine the evidence in the light most favorable to the non-moving party, indulging reasonable inferences and resolving doubts against the party seeking summary judgment. *Helena Chem.*, 664 S.W.3d at 73; *City of Keller v. Wilson*,

---

[2] Contois contends the trial court imputed an "intentionally" knowing standard only because the court did not find that Contois raised a genuine issue of material fact. There is nothing in the record to suggest that the trial court used a standard different than the "knowing" standard expressed by the Texas Supreme Court. Thus, we will not separately discuss this complaint.

168 S.W.3d 802, 824 (Tex. 2005).  The nonmovant need only present more than a scintilla of evidence supporting the challenged element.  *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552 (Tex. 2019).  However, "[w]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010).

We consider first the standard of proof required for Contois's claim, then whether they met that standard.

In *Pruski v. Garcia*, 594 S.W.3d 322, 324, 330 (Tex. 2020), the Texas Supreme Court held that when, as here, accidents involving livestock occur on a state highway, Section 143.102 of the Texas Agriculture Code provides "the exclusive standard" for livestock-owner liability.  "Thus, section 143.102 is violated if the livestock owner permits the animal to traverse or roam at large, unattended, on the right-of-way of a highway and does so with the knowing mental state traditionally applied in criminal law." *Id*. at 327. The Texas Supreme Court regarded the "knowing" mental state as being from both the Texas Penal Code and Black's Law Dictionary by stating it as:

> "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.  A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. Tex. Penal Code § 6.03; *see also*, *Knowingly*, Black's Law Dictionary (11th ed. 2019) ("the actor engaged in prohibited conduct with the knowledge that the social harm that the law was designed to prevent was practically certain to result")."

*Pruski v. Garcia*, 594 S.W.3d 322, 326-27 (Tex. 2020).  We will as well.

The parties do not dispute that Dean owned the cow or that the cow was on the right of way of a highway. The only dispute is whether Dean *knowingly* permitted the cow to "traverse or roam at large," unattended. Contois contends in his brief that there was sufficient evidence to show Dean knowingly permitted the cow to roam on State Highway 21 because Dean:

1. knowingly allowed numerous known and unknown and unmonitored persons/hunters and their guests and children to enter and exit the locked gate on the livestock enclosure;

2. knowingly placed the livestock in an enclosure on leased property to which they did not have the exclusive rights of entry and exit through the gate and to which they acknowledge that they could not ensure the locked gate would remain secure;

3. knowingly placed the livestock in an enclosure to which they knew hunters, their guests, and their children would have the unlimited and unmonitored right of entry and exit and keys to the locked gate, and that such posed a risk of the livestock escaping and entering the roadway where vehicles are known to travel if the gates were not properly secured upon their entry and exit; and

4. knowing the risk that the hunters, their guests, and their children posed in failure to secure the gate to the livestock enclosure upon exit and entry to the property, the Deans acknowledged that a cattle guard was needed in that circumstance, but failed to install a cattle guard or some other secondary security measure to ensure that the livestock would not enter the roadway where vehicles are known to travel.

Although Contois asserts this is evidence in the record showing Dean's knowledge, it is not. Contois mischaracterizes the evidence in the record.

In response to the no evidence motion for summary judgment, Contois submitted excerpts from discovery that had been taken in the case. The discovery evidence in the record showed that Dean had no choice in "allowing" hunters on the property. He did

not own the property, he leased it. After Dean leased the property for cattle, the property owner leased hunting rights to the property to some hunters.

Dean did not know how the cow escaped the fenced pasture. He speculated that had the hunters or their adult children left the gate, to which they had their own key, open, the cow could have escaped. Dean had no proof, however, that the gate was left open by the hunters or their adult children. He also did not ask the hunters if they left the gate open. Dean agreed that a cattle guard *could* prevent cows from exiting an open gate but only if it was installed correctly. Dean was not asked if any secondary security system or an electric gate would have prevented his cow from getting out. He said cows, unlike dogs, were not normally eager to get out of a fence. Cows could jump fences but that was not normal.

Dean had not had a cow escape from that property before or since Contois's accident. He checked his fencing every Sunday and checked it the Sunday before the Friday accident. He found no issue with the fence at that time.[3]

None of this evidence rises to an act or omission by Dean which was reasonably or practically "certain to cause the result" of the cow escaping to roam at large on State Highway 21. At most, the evidence amounts to a "mere surmise or suspicion" that the cow *could have* escaped though any of the "failures" alleged by Contois. This is no evidence.

---

[3] The morning after the accident, Dean discovered the fence had been cut. The cut area was not close to where the cow was hit and did not look like the cow had escaped through that opening.

**CONCLUSION**

Accordingly, Contois did not raise a genuine issue of fact that Dean *knowingly*, as defined by the Texas Supreme Court in *Pruski*, permitted the cow to roam unattended on State Highway 21, and the trial court did not err in granting Dean's no evidence motion for summary judgment.

Contois's sole issue is overruled. The trial court's "Modified Final Judgment," signed on December 5, 2022, is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed August 15, 2024
[CV06]

